UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

LOUIS BORGES & MARITZA HERNANDEZ,

                    Plaintiffs,

              -against-

THE CITY OF NEW YORK, DETECTIVE HECTOR
RODRIGUEZ, shield # 05980, DETECTIVE JOHN
MAZZELLA, shield # 04869, UNDERCOVER
DETECTIVE # C0002, POLICE OFFICER JOHN DOES-
10,

                    Defendants.

--------------------------------------------------------------

COMPLAINT

Jury Trial Demanded



**PRELIMINARY STATEMENT**

    1.    Plaintiffs brings this civil rights action against the City of New York and several New York City Police Officers of Narcotics Borough Brooklyn South alleging that, on April 26, 2011, defendants violated their rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting them, using unreasonable force on him, denying them a fair trial and maliciously prosecuting them. The criminal charges filed against Borges and Hernandez were dismissed on June 20, 2011 and January 9, 2012, respectively. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, assault, battery, and malicious prosecution which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District and because some or all of the defendants reside in this District.

## NOTICE OF CLAIM

5. Because plaintiffs' state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ... shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3).

## JURY TRIAL

6. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## PARTIES

7. Plaintiffs are residents of Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

## STATEMENT OF FACTS

10. Plaintiff Borges is a 57 year-old man with no criminal record who resides with his daughter plaintiff Hernandez, a 43 year-old woman with no criminal record, at 644 Fourth Avenue in the Park Slope section of Brooklyn.

11. On April 26, 2011, plaintiffs' relative, Francisco Perez, resided in plaintiffs' house.

12. In April 2011, defendants obtained a search warrant to search Francisco Perez and plaintiffs' residence after alleging that Perez had sold narcotics to Undercover Detective # C0002.

13. Defendants made no allegations in their search warrant application that plaintiffs were involved in the drug transactions.

14. On April 26, 2011, at approximately 6:30 a.m., defendants and members of the NYPD's Emergency Services Unit ("ESU") entered plaintiffs' home by force to execute the search warrant.

15. Defendants and members of the ESU pointed their guns at plaintiffs, pushed plaintiffs and handcuffed plaintiffs excessively tight.

16. Defendants claimed to have found heroin in the apartment.

3

17. Plaintiffs did not know that there was heroin hidden in the apartment, they did not actually or constructively possess heroin, and no heroin was in plain view.

18. Defendants put the tightly handcuffed plaintiffs in a van and held them there for approximately one hour and refused to loosen the cuffs.

19. Defendants thereafter took plaintiffs to an unknown precinct for arrest processing.

20. While plaintiffs were held in the precinct without food or water, defendants, pursuant to a conspiracy to violate plaintiffs' civil rights, earn overtime compensation and increase their arrest numbers, falsely charged plaintiffs with possession of heroin.

21. Defendants also falsely charged Hernandez with aggravated harassment by alleging without any evidence that Hernandez was the woman who identified herself as "Jenny" and called Undercover Detective # C0002 on the "UC Phone" to harass him.

22. After the arrest paperwork was completed, plaintiffs were taken to Manhattan Central Booking.

23. While plaintiffs were held in Manhattan Central Booking, defendant Rodriguez, pursuant to a conspiracy with the other defendants to violate plaintiffs' civil rights, earn overtime compensation and increase their arrest numbers, misrepresented to prosecutors that plaintiffs were found in possession of narcotics and that Hernandez harassed Undercover Detective # C0002

24. Defendants commenced a criminal proceeding against plaintiffs.

25. Defendants retained a criminal defense attorney.

26. Approximately 24 hours after their arrests, plaintiffs were arraigned in Manhattan Criminal Court and released on their own recognizance.

27. While Hernandez was in police custody, she obtained medical treatment at an unknown Manhattan hospital.

28. Plaintiff went to court on several occasions.

29. The criminal charges filed against Borges and Hernandez were dismissed on June 20, 2011 and January 9, 2012, respectively.

30. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation, damage to reputation, pain and physical injuries. Plaintiffs also paid for a criminal defense attorney who represented plaintiffs until they could no longer afford the lawyer.

## FIRST CLAIM

## (FALSE ARREST)

31. Plaintiffs repeat the foregoing allegations.

32. At all relevant times, plaintiffs did not commit a crime or violation.

33. Despite plaintiffs' innocence, the defendants arrested plaintiffs or failed to intervene to prevent their false arrests.

34. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

35. Plaintiffs repeat the foregoing allegations.

36. Defendants' use of force upon plaintiffs or their failure to intervene to prevent the use of force on them was objectively unreasonable and caused plaintiffs pain and injury.

37. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for using unreasonable force on them.

## THIRD CLAIM
## (DENIAL OF A FAIR TRIAL)

38. Plaintiffs repeat the foregoing allegations.

39. Defendants' misrepresentations about plaintiffs to prosecutors deprived plaintiffs of liberty because plaintiffs were required to appear in court after the misrepresentations were made.

40. Accordingly, defendants are liable to plaintiffs under the Sixth Amendment for denying them a fair trial.

## FOURTH CLAIM
## (MALICIOUS PROSECUTION)

41. Plaintiffs repeat the foregoing allegations.

42. Defendants maliciously misrepresented to prosecutors that plaintiffs had committed a crime and commenced a criminal case against them.

43. Defendants' motivations were to violate plaintiffs' civil rights, obtain overtime compensation and increase their arrest numbers.

44. Defendants' misrepresentations deprived plaintiffs of liberty in that they were required to appear in court after their arraignments.

45. The criminal cases filed against plaintiffs were ultimately dismissed.

46. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

47. Plaintiffs repeat the foregoing allegations.

48. Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

49. Accordingly, the defendants are liable to plaintiffs failing to intervene to prevent the violation of plaintiffs' constitutional rights.

## SIXTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

50. Plaintiff repeats the foregoing allegations.

51. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

52. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

53. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

54. Numerous members of the NYPD have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft,

7

selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

55. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

56. In 2011, former Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder while under indictment for corruption.

57. In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

58. In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

59. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

60. The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

## SEVENTH CLAIM

## (FALSE ARREST UNDER STATE LAW)

61. Plaintiffs repeat the foregoing allegations.

62. At all relevant times, plaintiffs did not commit a crime or violation.

63. Despite plaintiffs' innocence, the defendants arrested plaintiffs or failed to intervene to prevent their false arrests.

64. Accordingly, the defendants are liable to plaintiffs under New York state law for false arrest.

## EIGHTH CLAIM

## (ASSAULT)

65. Plaintiffs repeat the foregoing allegations.

66. Defendants' force upon plaintiffs placed them in fear of imminent harmful and offensive physical contacts which injured them.

67. Accordingly, defendants are liable to plaintiffs under New York state law for assault.

## NINTH CLAIM

## (BATTERY)

68. Plaintiffs repeat the foregoing allegations.

69. Defendants' force upon plaintiffs were offensive and nonconsensual physical contacts which injured them.

70. Accordingly, the defendants are liable to plaintiffs under New York state law for battery.

9

## TENTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

71. Plaintiff repeats the foregoing allegations.

72. Defendants maliciously misrepresented to prosecutors that plaintiffs had committed a crime and commenced a criminal case against them.

73. Defendants' motivations were to violate plaintiffs' civil rights, obtain overtime compensation and increase their arrest numbers.

74. The criminal cases filed against plaintiffs were ultimately dismissed.

75. Accordingly, defendants are liable to plaintiffs under New York state law for malicious prosecution.

WHEREFORE, plaintiffs demand the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: March 12, 2012

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391